1 | Noel M. Cook (SBN 122777)
  ncook@owe.com
2 | Alica Del Valle (SBN 246006)
  adelvalle@owe.com
3 | OWEN, WICKERSHAM & ERICKSON, P.C.
  455 Market Street, Suite 1910
4 | San Francisco, California 94105
  (415) 882-3200 (phone)
5 | (415) 882-3232 (fax)

6 | James D. Weinberger
  jweinberger@fzlz.com (*pro hac vice* application pending)
7 | Giselle C. Woo
  gwoo@fzlz.com (*pro hac vice* application pending)
8 | FROSS ZELNICK LEHRMAN & ZISSU, P.C.
  866 United Nations Plaza
9 | New York, New York 10017
  (212) 813-5900 (phone)
10 | (212) 813-5901 (fax)

11 | *Counsel for Plaintiffs The Gap, Inc. and*
  *Gap (Apparel) LLC*

12

### UNITED STATES DISTRICT COURT
13 | ### NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| THE GAP, INC. and GAP (APPAREL) LLC, | Case No. 4854 |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| GREG MURPHY D/B/A GAPNOTE INC. and GAPNOTE.COM, | EDL |
| Defendant. | |

15

16

17

18

19

20

21 | Plaintiffs The Gap, Inc. and Gap (Apparel) LLC (collectively "Plaintiffs" or

22 | "The Gap"), by their attorneys Owen, Wickersham & Erickson, P.C. and Fross

23 | Zelnick Lehrman & Zissu, P.C., for their complaint against Defendant Greg Murphy

24 | d/b/a Gapnote Inc. and gapnote.com allege:

25 | ### NATURE OF THE ACTION

26 | 1.      The Gap is one of the world's leading retailers of clothing, accessories,

27 | personal care products, and other merchandise for men, women, children and babies.

28

1 The Gap is the best destination for wardrobe essentials such as T-shirts, sweatshirts,
2 great-fitting pants and, in particular, denim jeans, all of which are offered under the
3 famous "GAP" trademark. The Gap sells its products in stores and on the Internet
4 and has an extensive presence on social media and networking websites.

5    2.    The Gap brings this action to stop Defendant Greg Murphy d/b/a
6 Gapnote Inc. and gapnote.com's ("Defendant" or "Gapnote") knowing infringement
7 of The Gap's famous GAP trademark and attempt to trade on and usurp The Gap's
8 goodwill. Defendant promotes and operates a website with the domain name
9 gapnote.com that serves as a social media and networking webpage, much like those
10 on which The Gap expends significant time, effort and money to advertise and
11 maintain a significant presence. Without The Gap's authorization, with the
12 knowledge that such use is in violation of The Gap's rights, and with the intent to
13 deceive consumers and generate interest in its own social media and networking
14 website, Defendant incorporated the GAP trademark into its company name and has
15 been using the infringing name and mark in commerce. The use of The Gap's
16 trademark, presented in a manner identical—or at a minimum, confusingly similar—
17 to that used by The Gap, as part of Defendant's company name constitutes a blatant
18 violation of The Gap's rights under applicable trademark and unfair competition
19 laws. Defendant's activities have been in bad faith and with full knowledge and
20 awareness of The Gap's rights.

21    3.    In order to protect its rights, The Gap brings this action for trademark
22 infringement in violation of Section 32 of the Trademark Act of 1946 (the "Lanham
23 Act"), 15 U.S.C. § 1114; false designation of origin and unfair competition in
24 violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A);
25 trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and
26 unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§
27 17200 *et seq*. The Gap seeks permanent injunctive relief and damages.

28

COMPLAINT                                                                    Page 2
{F0684346 1 }

1 | **JURISDICTION AND VENUE**

2     4.    The Court has jurisdiction over the subject matter of this action under
3 Section 39(a) of the Lanham Act, 15 U.S.C. § 1121, and Sections 1331, 1338(a),
4 1338(b) of the Judicial Code, 28 U.S.C. § 1331, 1338 (a) and (b), and under
5 principles of supplemental jurisdiction, 28 U.S.C. § 1367(a).

6     5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2)
7 because, upon information and belief, a substantial part of the events giving rise to
8 the claims occurred in this district.

9 | **INTRADISTRICT ASSIGNMENT**

10     6.    Assignment on a district-wide basis is appropriate under Civil Local
11 Rule 3-2(c) because this is an Intellectual Property Action.

12 | **PARTIES**

13     7.    Plaintiff The Gap, Inc. is a Delaware corporation with its principal
14 place of business at 2 Folsom Street, San Francisco, California 94105.

15     8.    Plaintiff Gap (Apparel) LLC is a limited liability company of
16 California, having a business address at 2 Folsom Street, San Francisco, California
17 94105. Gap (Apparel) LLC is a wholly owned subsidiary of The Gap, Inc.

18     9.    Upon information and belief, Defendant Greg Murphy is an individual
19 residing at 1111 West University Drive #3011, Tempe, Arizona 85281, who owns
20 and operates Gapnote Inc., an unincorporated entity that manages and operates the
21 website gapnote.com and various related social media and networking pages.

22 | **FACTS COMMON TO ALL CLAIMS**

23 | **A.    The Gap**

24     10.    The Gap is one of the world's leading retailers of clothing, accessories,
25 personal care products and other merchandise. Since 1969, consumers have come to
26 The Gap for updated, casual clothing and accessories—which feature the famous
27 "GAP" trademark—that help them express their own personal sense of style.
28 Today, The Gap continues to be the best destination for wardrobe essentials such as

COMPLAINT     Page 3
{F0684346 1 }

1  T-shirts, sweatshirts, pants and jeans. Indeed, The Gap has become a cultural icon
2  by offering high-quality clothing and accessories rooted in cool, confident and
3  casual style to customers around the world.

4      11.    In addition to The Gap's extensive and strong common law rights in the
5  "GAP" trademark, The Gap, through Gap (Apparel) LLC, owns numerous U.S.
6  trademark registrations for the GAP trademark for clothing-related goods and
7  services, including but not limited to the following:

8      •  GAP, U.S. Reg. No. 1,129,294, registered January 15, 1980 based on first
9          use in 1974 for "Clothing-namely, pants, jeans, skirts, vests, jackets,
10          overalls, jumpers, dresses, sweaters, t-shirts, belts, hats, visors, shorts,
11          ponchos and halter tops" in International Class 25;

12      •  GAP, U.S. Reg. No. 1,745,875, registered January 12, 1993 based on first
13          use in 1988 for "clothing; namely, shirts, pants, shorts, vests, jackets,
14          dresses, skirts, sweaters, swimsuits, headbands, belts, hats, scarves,
15          gloves, socks, hosiery and shoes" in International Class 25, and "retail
16          clothing store services" in International Class 42;

17      •  GAP (and design), U.S. Reg. No. 2,431,833, registered February 27, 2001
18          based on first use in 1988 for "Anoraks, shortalls, jeans, khaki pants,
19          trousers, fleece tops, coats, rainwear, shawls, lingerie, robes, sleepwear,
20          pajamas and nightgowns, brassieres, underwear, shapers, undergarments,
21          boxer shorts, sport bras, gym shorts, camisoles, slips, bodysuits, tank tops,
22          sweatshirts, sweat pants, tankinis, bikinis, bathing suits, swim trunks,
23          leggings, slippers, caps" in International Class 25;

24      •  GAP (and design), U.S. Reg. No. 2,719,435, registered May 27, 2003
25          based on first use in 1997 for "Internet retail services in the field of
26          clothing, clothing accessories, personal care products, home products,
27          luggage and bags, souvenir items and gift sets; providing gift, product and
28          service information to customers" in International Class 35; and

COMPLAINT                                                              Page 4
{F0684346.1}

1    • THE GAP (and design), U.S. Reg. No. 944,942, registered October 10,
2        1972 based on first use in 1969 for "Retail clothing store services" in
3        International Class 42.

4    Plaintiffs also own a number of GAP-formative marks, including but not limited to the
5    following:

6        • GAP ATHLETIC, U.S. Reg. No. 1,950,476, registered January 23,
7            1996 based on first use in 1994 for "clothing, namely sweatpants,
8            sweatshirts, T-shirts, jackets, socks" in International Class 25.

9        • GAP BODY (and design), U.S. Reg. No. 2,356,121, registered on June
10           6, 2000 based on first use in 1998 for "Retail store services in the field of
11           personal care products, lingerie" in International Class 35.

12       • GAP KIDS, U.S. Reg. No. 1,416,059, registered November 4, 1986
13           based on first use in 1986 for "Clothing, namely, shirts, shorts, pants,
14           sweaters, jackets, belts, hats, socks and scarves" in International Class
15           25 and "Retail store services in the field of clothing" In International
16           Class 42.

17       • GAP OUTLET, U.S. Reg. No. 2,020,323, registered December 3, 1996
18           based on first use in 1995 for "retail store services in the field of clothing
19           and clothing accessories" in International Class 35.

20       • BABY GAP, U.S. Reg. No. 1,675,154, registered on February 11, 1992
21           based on first use in 1990 for "clothing; namely, shirts, jackets, pants,
22           jumpsuits, shoes, socks and hats" in International Class 25.

23   The GAP and GAP-formative registered trademarks referenced herein are
24   collectively referred to as the "GAP Mark."

25       12.    The registrations for the GAP Mark are valid, subsisting and in full
26   effect and serve as *prima facie* evidence of the validity of each mark and of The
27   Gap's exclusive right to use the mark in connection with the goods and services
28   identified therein, pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. §

COMPLAINT                                                                        Page 5
{F0684346 1 }

1 1115(a). Moreover, the GAP Mark registrations have become incontestable under
2 Section 15 of the Lanham Act, 15 U.S.C. § 1065.

3     13.    The Gap has achieved great commercial success under the GAP Mark
4 over the years, having sold many billions of dollars worth of products. For example,
5 between 2001 and 2006 alone, The Gap's sales in North America exceeded \$39
6 billion.

7     14.    The Gap has invested a substantial amount of time, effort, and money
8 in advertising and promoting the GAP Mark nationwide, having spent billions of
9 dollars advertising and promoting the GAP Mark. In 1997, the leading advertising
10 industry publication, *Advertising Age*, awarded The Gap top honors as "Marketer of
11 the Year." Between 1971 and 2007, The Gap has advertised the GAP Mark in
12 numerous major U.S. publications of nationwide distribution, reaching tens of
13 millions of people, including, but not limited to, *The New York Times Magazine*, *Los*
14 *Angeles Times Magazine*, *The Philadelphia Inquirer Magazine*, *The Boston Globe*
15 *Magazine*, *Conde Nast Traveler*, *SF*, *Elle*, *Vogue*, *Vanity Fair*, *The New Yorker*,
16 *Esquire*, *Harper's Bazaar*, *Marie Claire*, *Glamour*, *Premier*, *Gourmet*, *Nickelodeon*,
17 *Details*, *Interview*, *Child*, *L.A. Style*, and *Mirabella*. Further, The Gap has
18 advertised and promoted its GAP Mark through national network and cable
19 television, including during popular primetime programs such as *The Today Show*,
20 *Seinfeld*, *Grey's Anatomy*, and *Sex and the City*.

21     15.    The Gap also invests a substantial amount of time, effort, and money in
22 advertising and promoting the GAP Mark—including on the Internet through
23 numerous social media and networking websites. Such efforts have borne
24 significant results; as a result of, *inter alia*, hundreds of millions of dollars spent by
25 The Gap to advertise and promote the GAP Mark, The Gap website was visited by
26 over 120 million U.S. visitors in 2009, and has already been visited by over 80
27 million U.S. visitors in 2010.

28

COMPLAINT                                             Page 6
{F0684346.1}

1      16.    The Gap advertises and promotes its brand, goods and services on
2 social media and networking websites, and has launched extensive advertising
3 campaigns solely via social media and networking websites. The Gap operates
4 pages for The Gap and various related entities, such as the Gap Outlet and Gap
5 Canada, on social media and networking websites including but not limited to
6 *Facebook, Twitter, Groupon*, and *Foursquare*. The Gap also partners with a number
7 of blogs, including but not limited to *Glam.com*, *PopSugar*, *Mashable*, *Thrillist*, and
8 *Idolator*. The Gap's fame has also inspired unsolicited blog coverage on general,
9 fashion and news blogs, as well as third party blogs created solely for the purpose of
10 following The Gap.

11      17.    The Gap advertises its brand, goods and services via exclusive
12 promotions offered through social media websites and on mobile platforms. For
13 instance, The Gap partnered with *Groupon* for *Groupon*'s first ever national offer,
14 eliciting 441,000 purchases of the *Groupon* deal for a total of $11 million in sales in
15 the course of one day. The Gap has also developed a number of social networking
16 applications that link users to social media websites and create user networks. The
17 Gap's iPhone application, "StyleMixer," allows users to design outfits and interact
18 in real time with Internet users. The Gap's iPad application, "1969 Stream," creates
19 a social shopping experience by opening up a dialogue between The Gap brand and
20 users, and by allowing users to upload content, like videos and photos, to chronicle
21 their personalized Gap looks.

22      18.    The GAP Mark has also received substantial unsolicited media
23 attention. For example, the following well-known publications available to the
24 general public have published articles discussing the fame of the GAP Mark: *The*
25 *New York Times*, *The Chicago Tribune*, *Newsweek*, *Fortune Magazine*, *The Wall*
26 *Street Journal*, *Business Week*, *The San Francisco Chronicle*, *The Atlanta Journal*
27 *and Constitution*, *The Boston Globe*, *The New York Daily News*, *The Los Angeles*
28 *Times*, *The Miami Herald*, and *The St. Louis Post-Dispatch*.

COMPLAINT                                             Page 7
{F0684346.1 }

1    19.    As a result of The Gap's extensive advertising and promotional efforts
2  and commercial success, as well as the amount, volume, and geographic extent of
3  sales made under the GAP Mark, the GAP Mark has achieved such widespread
4  recognition that it has become famous and represents enormous goodwill for The
5  Gap.

6  **B.    Defendant's Wrongful Conduct**

7    20.    Defendant, without authorization or license from Plaintiffs, and long
8  after Plaintiffs developed strong rights in the famous GAP Mark, has begun doing
9  business under the trade name GAPNOTE and commenced use of the name and
10  mark GAPNOTE in connection with a social media and networking website at
11  domain name gapnote.com, and on related blogs and webpages ("Website").

12    21.    The name and mark GAPNOTE incorporates Plaintiffs' GAP Mark in
13  its entirety and is extremely similar to Plaintiffs' GAP Mark – indeed, GAPNOTE
14  merely adds the descriptive term "NOTE" after Plaintiffs' GAP Mark. Moreover,
15  because The Gap uses its GAP Mark as the dominant portion of a number of
16  formative marks (*e.g.*, GAP KIDS, GAP ATHLETIC, GAP BODY), Defendant is
17  using its GAPNOTE mark in an identical manner, namely, by adding a descriptive
18  term to Plaintiffs' famous GAP Mark.

19    22.    The name GAPNOTE also is presented in an identical or substantially
20  similar font as a commonly used and registered GAP Mark, as shown here:

21
22              
23

24    U.S. Reg. No. 944,942          Defendant's Logo

25    23.    Defendant also filed an application to register GAPNOTE in the
26  European Union, under Community Trademark Application No. 08929739 in
27  International Classes 9, 38, 41 and 42. Upon information and belief, this application
28

COMPLAINT                                                          Page 8
{F0684346.1 }

1 was filed by Defendant in what appears to have been a concerted effort to obtain
2 putative rights in its GAPNOTE name without the knowledge of Plaintiffs.

3     24.   Defendant's social media presence is highly similar to that of The Gap.
4 Both The Gap and the Website offer identical or substantially similar social media
5 and networking capabilities on webpages and/or through networking applications.

6     25.   Upon information and belief, Defendant selected and has used the name
7 and mark GAPNOTE with actual knowledge of Plaintiffs' ownership of and/or
8 exclusive rights to use the GAP Mark and with the intent to trade off the significant
9 goodwill symbolized by and the strong public recognition of the GAP Mark. That
10 Defendant harbored such intent is evidenced by, *inter alia*, Defendant's responses to
11 communications from Plaintiffs concerning their rights.

12     26.   Plaintiffs' counsel sent Defendant letters on May 10, 2010, June 17,
13 2010 and August 16, 2010 objecting to Defendant's infringement of Plaintiff's
14 rights in the GAP Mark, but Defendant has refused to cease its infringing conduct.

15             **FIRST CLAIM FOR TRADEMARK INFRINGEMENT**
16             **UNDER SECTION 32 OF THE LANHAM ACT**

17     27.   The Gap repeats and realleges each and every allegation contained in
18 paragraphs 1 through 26 above as if fully set forth herein.

19     28.   Over many years of extensive use in connection with clothing and
20 various other goods and services, The Gap's federally registered GAP Mark has
21 become among the most well-known in the world. The Gap has established a strong
22 reputation and substantial goodwill by reason of the success and reputation of goods
23 sold and services provided under the GAP Mark, immediately indicating to the
24 public that products and services featuring such marks come from, or are sponsored
25 or approved by, The Gap.

26     29.   Defendant's actions described above have caused and are likely to
27 cause confusion and mistake and to deceive potential customers and the general
28 purchasing public as to the source, origin and/or sponsorship of Gapnote, the

COMPLAINT                                                                 Page 9
{F0684346.1}

1 | Website, and Defendant's related services, and are likely to deceive the public into
2 | believing that such services are provided, authorized, endorsed or sponsored by
3 | Plaintiffs, thereby damaging Plaintiffs' reputation, goodwill and sales.

4 |     30.    Defendant's unauthorized use of the GAP Mark and name constitutes
5 | trademark infringement in violation of § 32 of the Federal Trademark Act (the
6 | "Lanham Act"), 15 U.S.C. § 1114 and at common law.

7 |     31.    Defendant's conduct is causing immediate and irreparable injury to The
8 | Gap and will continue both to damage Plaintiffs and deceive the public until
9 | enjoined by this Court.  Plaintiffs have no adequate remedy at law.

10 | **SECOND CLAIM FOR UNFAIR COMPETITION**
11 | **AND FALSE DESIGNATION OF ORIGIN UNDER**
12 | **SECTION 43(a) OF THE LANHAM ACT**

13 |     32.    The Gap repeats and realleges each and every allegation contained in
14 | paragraphs 1 through 31 above as if fully set forth herein.

15 |     33.    Over many years of extensive use in connection with clothing and
16 | various other goods and services, The Gap's GAP Mark has become among the
17 | most well-known in the world.  The Gap has established a strong reputation and
18 | substantial goodwill by reason of the success and reputation of goods sold and
19 | services provided under the GAP Mark, immediately indicating to the public that
20 | products and services featuring such marks come from, or are sponsored or
21 | approved by, The Gap.

22 |     34.    Defendant's use of the GAP Mark and name as alleged above, is likely
23 | to confuse, mislead, or deceive customers, purchasers, and members of the general
24 | public as to the origin, source, sponsorship, or affiliation of Defendant's Gapnote
25 | organization and Website, and is likely to cause such people to believe, contrary to
26 | fact, that Gapnote and the Website are provided, authorized, endorsed or sponsored
27 | by Plaintiffs, or that Defendant is in some way affiliated with or sponsored by
28 | Plaintiffs.

1      35.    Defendant's actions in the manner alleged above constitute a false

2 designation of origin, false and misleading descriptions of fact, and false and

3 misleading representations of fact, which have caused, and are likely to cause,

4 confusion, mistake and deception, in violation of § 43(a) of the Lanham Act, 15

5 U.S.C. § 1125(a).

6      36.    Defendant's conduct is causing immediate and irreparable injury to The

7 Gap and will continue both to damage Plaintiffs and deceive the public until

8 enjoined by this Court. Plaintiffs have no adequate remedy at law.

9 **THIRD CLAIM FOR DILUTION**

10 **UNDER SECTION 43(c) OF THE LANHAM ACT**

11      37.    The Gap repeats and realleges each and every allegation contained in

12 paragraphs 1 through 36 above as if fully set forth herein.

13      38.    The GAP Mark is widely recognized by the general consuming public

14 in the United States as a singular designation of the source of Plaintiffs' goods and

15 services and thus is a famous mark within the meaning of § 43(c)(2)(A) of the

16 Lanham Act, 15 U.S.C. § 1125(c)(2)(A).

17      39.    The GAP Mark became famous within the meaning of §43(c)(2)(A) of

18 the Lanham Act, 15 U.S.C. § 1125(c)(2)(A), long before the acts of the Defendant

19 complained of herein.

20      40.    Defendant's use of the GAP Mark and name as alleged above in

21 connection with Gapnote and the Website is likely to blur the distinctive qualities of

22 Plaintiffs' famous GAP Mark within the meaning of §§ 43(c)(2)(B) of the Lanham

23 Act, 15 U.S.C. § 1125(c)(2)(B).

24      41.    Defendant's conduct has been undertaken with a willful intent to trade

25 on the reputation of Plaintiffs and to dilute the famous GAP Mark, thereby entitling

26 Plaintiffs to damages and the other remedies available pursuant to § 43(c)(5) of the

27 Lanham Act, 15 U.S.C. § 1125(c)(2).

28

COMPLAINT

{F0684346.1 }

1    42.    Defendant's conduct is causing immediate and irreparable injury to The

2  Gap and will continue both to damage Plaintiffs until enjoined by this Court.

3  Plaintiffs have no adequate remedy at law.

4                    **FOURTH CLAIM FOR UNFAIR COMPETITION**

5        **UNDER CALIFORNIA LAW (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

6    43.    The Gap repeats and realleges each and every allegation contained in

7  paragraphs 1 through 42 above as if fully set forth herein.

8    44.    The aforesaid conduct of Defendant—trademark infringement, false

9  designation of origin, and dilution—constitutes unfair competition in violation of

10  Cal. Bus. & Prof. Code §§ 17200 *et seq*.

11    45.    Defendant's conduct is causing immediate and irreparable injury to The

12  Gap and will continue both to damage Plaintiffs and deceive the public until

13  enjoined by this Court. Plaintiffs have no adequate remedy at law.

14    **WHEREFORE**, The Gap demands judgment as follows:

15    1.    Entering judgment for Plaintiffs on each of their claims.

16    2.    Directing that Defendant, its officers, directors, agents, representatives,

17  successors or assigns, and all persons acting in concert or in participation with any

18  of them, be immediately and permanently enjoined from:

19        (a)    infringing the GAP Mark;

20        (b)    falsely designating the origin, sponsorship or affiliation of their

21        business, goods or services;

22        (c)    using the GAP Mark or any derivation or colorable imitation

23  thereof, or any name or mark that is confusingly similar thereto, including but not

24  limited to the name and mark GAPNOTE (collectively, "Prohibited Marks"), in

25  connection with Defendant's Website or any related goods or services;

26        (d)    seeking to register the GAP Mark or any derivation or colorable

27  imitation thereof, or any name or mark that is confusingly similar thereto, including

28  but not limited to the Prohibited Marks;

COMPLAINT                                                                            Page 12
{F0684346.1 }

1  (e)  making or employing any other commercial use of any of the
2  Prohibited Marks;

3  (f)  making or displaying any statement or representation that is
4  likely to lead the public or the trade to believe that Defendant's goods and services
5  are in any manner associated or affiliated with or approved, endorsed, licensed,
6  sponsored, authorized or franchised by or are otherwise connected with The Gap;

7  (g)  using any other false designation of origin or any other thing
8  calculated or likely to cause confusion or mistake in the mind of the trade or public
9  or to deceive the trade or public into believing that Defendant's activities are in any
10  way sponsored, licensed, endorsed, authorized by or affiliated or connected with
11  Plaintiffs, or originate from Plaintiffs;

12  (h)  doing any other acts or things calculated or likely to cause
13  confusion or mistake in the mind of the public or to lead purchasers or consumers or
14  investors into the belief that the products or services promoted, offered or sponsored
15  by Defendant emanate from or originate with Plaintiffs or their licensees, or are
16  somehow sponsored, licensed, endorsed, authorized by or affiliated or connected
17  with Plaintiffs, or originate from Plaintiffs;

18  (i)  engaging in any other activity constituting unfair competition
19  with The Gap;

20  (j)  further diluting and/or infringing Plaintiffs' GAP Mark and
21  damaging Plaintiffs' goodwill;

22  (k)  using or registering any of the Prohibited Marks as part of any
23  domain name, regardless of cctld or gtld;

24  (l)  purchasing any of the Prohibited Marks in connection with any
25  sponsored advertising on the Internet or using any of the Prohibited Marks in any
26  source code or otherwise using the Prohibited Marks such that a search for Plaintiffs
27  on the Internet will cause any domain name or website of Defendant to appear in
28  search results; and

COMPLAINT  Page 13
{F0684346.1 }

1  (m)  aiding, assisting or abetting any other party in doing any act
2 prohibited by sub-paragraphs (a) through (k) above.

3  3.  Directing that Defendant be required to voluntarily cancel or cause to
4 be voluntarily cancelled, with prejudice, all registrations or applications to register
5 the trademark GAPNOTE.

6  4.  Directing that Defendant be required to voluntarily cancel or cause to
7 be voluntarily cancelled all registrations for the Website domain name,
8 gapnote.com, or, at Plaintiffs' election, transfer or cause to be transferred the
9 Website domain name to Plaintiffs and execute all necessary documents to
10 effectuate such transfer.

11  5.  Directing that Defendant deliver up to The Gap's attorneys for
12 destruction all labels, signs, stationery, prints, packages, promotional and marketing
13 materials, advertisements and other materials (a) currently in their possession or
14 under their control or (b) recalled by Defendant pursuant to any order of the Court
15 or otherwise, incorporating, featuring or bearing the Prohibited Marks or any other
16 simulation, reproduction, copy or colorable imitation thereof.

17  6.  Directing that Defendant file with the Court and serve upon The Gap's
18 counsel within thirty (30) days after entry of judgment a report in writing under
19 oath, setting forth in detail the manner and form in which it has complied with the
20 above.

21  7.  Awarding The Gap such damages it has sustained or will sustain by
22 reason of Defendant's acts of trademark infringement and unfair competition and
23 that such sums be trebled pursuant to 15 U.S.C. § 1117.

24  8.  Awarding The Gap restitution, including Defendant's profits,
25 recoverable under Cal. Bus. & Prof. Code §§ 17200 *et seq*.

26  9.  Awarding The Gap all other recoverable gains, profits, property and
27 advantages derived by Defendant from its unlawful conduct.

28

COMPLAINT                                                                 Page 14
{F0684346.1}

1    10.    Awarding to The Gap exemplary and punitive damages to deter any
2 further willful infringement as the Court finds appropriate.

3    11.    Awarding to The Gap its costs and disbursements incurred in this
4 action, including reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

5    12.    Awarding The Gap interest, including pre-judgment interest on the
6 foregoing sums.

7    13.    Awarding to The Gap such other and further relief as the Court may
8 deem just and proper.

9 Dated: September 27, 2010

10

11                              By: _____
                                    Noel M. Cook (SBN 122777)
12                                  ncook@owe.com
                                    Alica Del Valle (SBN 246006)
13                                  adelvalle@owe.com
                                    OWEN, WICKERSHAM & ERICKSON, P.C.
14                                  455 Market Street, Suite 1910
                                    San Francisco, California 94105
15                                  (415) 882-3200 (phone)
                                    (415) 882-3232 (fax)
16
                                    James D. Weinberger
17                                  jweinberger@fzlz.com (*pro
                                    hac vice* application pending)
18                                  Giselle C. Woo
                                    gwoo@fzlz.com (*pro hac
19                                  vice* application pending)
                                    FROSS ZELNICK LEHRMAN & ZISSU, P.C.
20                                  866 United Nations Plaza
                                    New York, New York 10017
21                                  (212) 813-5900 (phone)
                                    (212) 813-5901 (fax)
22
                                    *Counsel for Plaintiffs The Gap, Inc. and Gap
23                                  (Apparel) LLC*

24

25

26

27

28

COMPLAINT                                                              Page 15
{F0684346.1}